UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-471-FDW
(3:11-cr-370-FDW-1)

| | | |
|---|---|---|
| HARVEY LEE MUNGRO, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, (Doc. No. 1).

**I. BACKGROUND**

In August 2011, Charlotte-Mecklenburg police recovered a Hi-Point, 9-mm semiautomatic pistol during a stop of Petitioner's vehicle. (Crim. Case No. 3:11-cr-370-FDW-1, Doc. No. 26 at 3: PSR). They also recovered ammunition and marijuana. (Id.). During a post-arrest interview, Petitioner admitted that the weapon belonged to him. (Id.). On August 30, 2012, Petitioner pleaded guilty in this Court to one count of possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1), without a plea agreement. (Id., Doc. No. 18: Acceptance and Entry of Guilty Plea). Petitioner had previously been convicted of three offenses of breaking and entering under North Carolina law, N.C. GEN. STAT. § 14-54(a). (Id., Doc. No. 26 at 17: PSR).

At sentencing, this Court held that those prior convictions earned him a sentence under the Armed Career Criminal Act ("ACCA"), which calls for a mandatory minimum prison sentence of 15 years for any "person who violates section 922(g) and has three previous convictions . . .

1

for a violent felony . . . committed on occasions different from one another." 18 U.S.C. § 924(e)(1). (Id., Doc. No. 35 at 35-37: Tr. of Sentencing Hr'g.). The ACCA enumerates four offenses that constitute "violent felonies": burglary, arson, extortion, and crimes that involve the use of explosives. 18 U.S.C. § 924(e)(2)(B)(ii).

The Court of Appeals for the Fourth Circuit affirmed Petitioner's sentence. United States v. Mungro, 754 F.3d 267, 268 (4th Cir. 2014). The Fourth Circuit held that the breaking-and-entering offenses of which Petitioner had been convicted qualified as "burglaries" and therefore as crimes of violence under the ACCA. Mungro, 754 F.3d at 270. The Fourth Circuit also rejected Petitioner's argument that this Court erred by imposing a sentence enhancement based on a criminal history not alleged in the indictment or found by a jury. Id. at 270 n.4. The Court noted that this argument was foreclosed by its own precedent. Id. (citing United States v. Thompson, 421 F.3d 278, 280 (4th Cir. 2005)). Petitioner petitioned the Supreme Court for a writ of certiorari, and the Court denied that request on December 1, 2014. Mungro v. United States, 135 S. Ct. 734 (2014).

Petitioner filed a timely motion under 28 U.S.C. § 2255. Petitioner asserts two arguments in support of his motion. First, he contends that he is entitled to relief under Johnson v. United States, 135 S. Ct. 2551 (2015).[1] (Doc. No. 1 at 4). Second, he repeats the argument he asserted on appeal that this Court's imposition of a sentence based on a criminal history not alleged in the indictment violated his constitutional rights. (Id. at 5).

**II. STANDARD OF REVIEW**

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to

---

[1] The Fourth Circuit Court of Appeals has not yet held whether Johnson applies retroactively on collateral review. Here, the Court assumes, without deciding, that Johnson does apply retroactively.

promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter and the Government's Response, the Court finds that the argument presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

#### A. Petitioner's Johnson Claim

The Armed Career Criminal Act ("ACCA") provides for a mandatory minimum term of fifteen years in prison for any defendant who violates 18 U.S.C. § 922(g) and who has three previous convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). "Violent felony" is defined to include "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." Id. § 924(e)(2)(B).

In Johnson v. United States, 135 S. Ct. 2551 (2015), the Supreme Court held that the provision defining "violent felony" to include a prior conviction for an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," known as the "residual clause" of the ACCA's "violent felony" definition, is void for vagueness. Id. at 2558. The Supreme Court also held that the clause is void "in all its applications." Id. at 2561. However, the Court did not strike the remainder of the "violent felony" definition, including the four enumerated offenses and the "force clause" of § 924(e)(2)(B)(i). Id. at 2563.

3

As a result of Johnson, a defendant who was sentenced pursuant to a statutory mandatory minimum term based on a prior conviction that satisfies only the residual clause of the "violent felony" definition is entitled to relief from his sentence. Where, however, the prior convictions upon which his enhanced sentence is based qualify as violent felonies under the "force clause," or qualify as one of the four enumerated offenses, no relief is warranted.

The Government first argues, and the Court agrees, that Petitioner's Johnson claim is procedurally defaulted. Because Petitioner challenges the application of the ACCA under a vagueness theory for the first time in his motion under Section 2255, his theory is subject to a procedural bar unless he can demonstrate either cause and prejudice or actual innocence. See Jackson v. United States, 638 F. Supp. 2d 514, 601 (W.D.N.C. 2009). Contrary to what his motion suggests, that Johnson had not been decided while his case was before this Court or the Fourth Circuit does not establish cause. See Bousley v. United States, 523 U.S. 614, 623 (1998) (rejecting arguments that section 2255 movant demonstrated cause for failure to raise argument based on a new Supreme Court holding issued after his case became final).

The Supreme Court's decision in Johnson offers him no assistance. His prior convictions qualify as "violent felonies" under the ACCA because, as the Fourth Circuit held, they qualify as the enumerated offense of "burglary" under that Act. Mungro, 754 F.3d at 270. By its own terms, Johnson "does not call into question the application of the act to the four enumerated offenses" it describes. 135 S. Ct. at 2563. Because Johnson does not undermine the Fourth Circuit's determination that Petitioner was properly sentenced under the ACCA, he cannot establish that he suffered prejudice from his procedural default or that he is actually innocent in the light of Johnson. Accordingly, to the extent that it is based on his Johnson theory, Petitioner's motion is subject to dismissal based on procedural default.

The Government next argues, and the Court agrees, that even if the Johnson claim were not procedurally defaulted, the claim would nevertheless fail on the merits. As the Court has already noted, Petitioner's prior convictions qualified as the enumerated offense of "burglary" under the ACCA. Their status is, therefore, unaffected by Johnson's holding. Thus, even if Petitioner's Johnson claim were not procedurally defaulted, it would still fail on the merits.

**B. Petitioner's claim that his sentence was unconstitutional because it was imposed based on a criminal history not alleged in the indictment and not found by a jury beyond a reasonable doubt.**

Petitioner also contends in the motion to vacate that his sentence was unconstitutional because it was imposed based on a criminal history not alleged in the indictment and not found by a jury beyond a reasonable doubt. Although Petitioner argued on direct appeal that this Court's imposition of a sentence based on a criminal history not alleged in the indictment violated his constitutional rights, he does not appear to have raised this argument before this Court during his criminal case. His argument is therefore subject to the procedural-default rule. Murray v. Carrier, 477 U.S. 478, 491 (1986) ("[T]he cause and prejudice test applies to defaults on appeal as to those at trial."). Petitioner does not attempt to identify cause or prejudice or assert actual innocence, and his failure to do so is fatal to his argument. See Jackson v. United States, 638 F. Supp. 2d 514, 601 (W.D.N.C. 2009). In any event, Petitioner's theory remains foreclosed by Fourth Circuit precedent. That is, prior convictions that aggravate a sentence are not elements of a crime that must be charged in the indictment and proven to a jury beyond a reasonable doubt. See United States v. McLeod, No. 14-4766. 2015 WL 6575673, at *2 (4th Cir. Oct. 30, 2015) (rejecting the same argument "[b]ecause Almendarez-Torres [v. United States, 523 U.S. 224 (1998),] is still controlling law"). Thus, even if Petitioner's final claim were not procedurally

5

defaulted, it would nevertheless fail on the merits.

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss the § 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's § 2255 motion to vacate, (Doc. No. 1), is **DISMISSED**.

2. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong).

Frank D. Whitney
Chief United States District Judge